***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY BOYD, | : |
| Petitioner, | : Civil Action No. 13-2587 (KSH) |
| v. | : **OPINION** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**HAYDEN, District Judge:**

*Pro se* petitioner Ricky Boyd ("Boyd") has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion"), challenging a sentence of 63 months' imprisonment imposed by this Court in *United States v. Boyd*, No. 10-cr-0835, ECF No. 53 (D.N.J. entered July 11, 2012) ("Crim. Dkt."), for felony possession of a firearm. For the reasons stated below, the Court denies the Motion.

### I.   FACTUAL BACKGROUND

On July 7, 2010, Boyd was arrested after Newark police officers found him in possession of a handgun, during a search inside of a house belonging to an individual by the name of Diane Alexander. ECF No. 1 at 22. He was indicted for one count of knowing possession of a firearm by a convicted felon. Crim. Dkt., ECF No. 1.

Boyd's counsel filed a motion to suppress, arguing that the firearm was inadmissible evidence because the arresting officer did not have probable cause to enter the house. Crim. Dkt., ECF No. 14. An evidentiary hearing was held, Crim. Dkt., ECF No. 20, and the Court ruled against

Boyd, Crim. Dkt., ECF No. 25.  Trial commenced on November 28, 2011.  Crim. Dkt., ECF No. 34.  It resulted in a mistrial due to a hung jury.  *See* Crim. Dkt., ECF No. 45, 46.

Subsequently, Boyd entered into a plea agreement with the government, whereby he entered a plea of guilty.  Crim. Dkt., ECF No. 51.  Consistent with the stipulations in the plea agreement, the Court sentenced him to a term of imprisonment of 63 months, and 3 years of supervised release.  Crim. Dkt., ECF No. 53.  No appeal was filed.  On April 22, 2013, Boyd filed the instant Motion.  ECF No. 1.

## II.     STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; or (3) "that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief.  *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005).  Moreover, because a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Frady*, 456 U.S. 152, 166 (1982), *cited in United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014).  In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."  *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted).  The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.  *See* 28 U.S.C. § 2255(b); *Liu v.*

*United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug.26, 2013) (citing *Booth*, 432 F.3d at 545–46).

### III. DISCUSSION

Boyd raises three grounds for relief in the motion, that (I) his trial counsel provided ineffective assistance when he allegedly failed to file a motion to suppress, and to obtain an evidentiary hearing regarding, the firearm in question; (II) trial counsel provided ineffective assistance when he failed to move to dismiss the indictment on the account of allegedly perjured testimony from his arresting officer, Sergeant Venacio; and (III) trial counsel gave constitutionally deficient advice that resulted in him accepting the plea agreement erroneously.

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014) (per curiam). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*,

3

466 U.S. at 693.[1] Rather, the defendant must show that "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083.

The same two-part standard is applicable to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the plea context, "counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 769 F.3d 831, 835 (3d Cir. 2014). The defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Jesus-Nunez*, 576 F. App'x 103, 106 (3d Cir. 2014) (quoting *Hill*, 474 U.S. at 59).

### A. Failure to File Motion to Suppress

Boyd argues in this claim that his trial counsel provided ineffective assistance when he failed to file a motion to suppress, and to obtain an evidentiary hearing regarding, the firearm in question. However, the record belies this contention. It is clear from the record that counsel *did* file a motion to suppress, which sought to suppress the firearm, Crim. Dkt., ECF No. 14 at 1, and that the Court *did* hold an evidentiary hearing on the motion, at which two witnesses were called to testify, Crim. Dkt., ECF No. 20. In fact, Boyd himself acknowledged the foregoing in the Motion when he alleged that "[i]n the instant case, during the pre-trial stage, a suppression hearing was held, at which time the government called Diane Alexander as a witness[.]" ECF No. 1 at 33.

---

[1] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

As such, Boyd's claim is both factually contradicted by the record and inconsistent with his own allegations.

Incredibly, in his reply, Boyd raises the fantastical argument that counsel was ineffective because "Defense Counsel should have submitted a 'motion to suppress firearm[.]'" ECF No. 8 at 9.  It appears to the Court Boyd's argument is that the motion to suppress counsel did file was somehow not specific enough, even though the motion explicitly challenged the admissibility of the very firearm in question. *See* Crim. Dkt., ECF No. 14 at 1 ("Mr. Boyd has standing to challenge the admissibility of the handgun allegedly found in his possession[.]").  Perhaps he objects to counsel labeling his motion simply as a "motion to suppress" as opposed to a "motion to suppress firearm."  Whatever his rationale, it is clear to the Court that Boyd's real motive in asserting this claim is not because of any deficient performance by counsel, but because he was unhappy with the result.  That is insufficient to establish ineffective assistance.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 ("[A]n [ineffective assistance of counsel] analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."); *Kim v. United States*, No. 05-3407, 2006 WL 981173, at *3 (D.N.J. Apr. 4, 2006) ("[T]hat [he] now appears unhappy with the result does nothing to change the fact that there is not the slightest indication that petitioner received ineffective assistance of counsel.").  Accordingly, the Court denies relief on this ground.

### B. Failure to Move to Dismiss

Next, Boyd argues that counsel was ineffective because he failed to move to dismiss the indictment on the account that his arresting officer, Sergeant Venacio, provided perjured testimony at trial.  To establish that Venacio's testimony was false, Boyd points to the allegedly inconsistent testimony from Alexander, both at the suppression hearing and at trial.  According to the Motion,

5

Venacio testified at trial that Alexander, the tenant of the house where Boyd was ultimately arrested, told him that "someone ran into her home and they were not supposed to be in there." ECF No. 1 at 41.  However, Alexander testified both at the suppression hearing and at trial that she told the police no one was in her home.  *Id.* at 37, 42.  Boyd provides no other evidence to corroborate his allegation that Venacio perjured himself.

To begin, the proper remedy for the use of perjured testimony is a new trial, not the dismissal of the indictment.  *See United States v. Freeman*, 763 F.3d 322, 346 (3d Cir. 2014) ("A new trial is warranted only where the false testimony could in any reasonable likelihood have affected the judgment of the jury.") (citation and quotation marks omitted).  Boyd cites to no authority for the proposition that the alleged use of perjured testimony entitled him to a dismissal. Regardless, "in order to make out a constitutional violation [the petitioner] must show that (1) [the witness] committed perjury; (2) the government knew or should have known of his perjury; (3) the testimony went uncorrected; and (4) there is any reasonable likelihood that the false testimony could have affected the verdict." *Prosdocimo v. Sec., Pa. Dep't of Corr.*, 458 F. App'x 141, 147 (3d Cir. 2012) (quoting *Lambert v. Blackwell*, 387 F.3d 210, 242 (3d Cir. 2004)).

Here, all Boyd offers as evidence of perjury are conflicting testimonies from different witnesses.  "Mere inconsistencies in testimony fall short of establishing perjury and most certainly do not establish that the government knowingly utilized perjured testimony." *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1997).  Even if Boyd can show that Venacio's testimony was in fact false, he also offers no evidence that the prosecution knowingly used such false testimony—unwitting use of perjured testimony does not establish prosecutorial misconduct.  *See United States v. Connolly*, 504 F.3d 206, 212-213 (1st Cir. 2007).  Last and most important, Boyd falls far short of showing that the use of the alleged perjured testimony affected the outcome of his

trial. As the trial resulted in a hung jury, the Court cannot determine if the outcome would have been more favorable had the alleged perjured testimony not been used. And, as stated above, the remedy Boyd seeks is inconsistent with the case law on the use of perjured testimony. Based on these facts, the Court finds that counsel did not provide ineffective assistance, and denies relief on this ground. *See United States v. Ntreh*, No. 15-2803, 2016 WL 456693, at *2 (3d Cir. Feb. 5, 2016) ("[A]n attorney cannot be ineffective for failing to raise a meritless claim[.]").

### C. Deficient Counsel During Plea Negotiation

Finally, Boyd alleges that counsel provided ineffective assistance by giving him constitutionally deficient advice during plea negotiations, namely that (1) the Court would not appoint him an attorney for the second trial, and (2) he can raise his Fourth Amendment claims on direct appeal, when the plea agreement specifically prohibited appeals.

The Court finds no merit in Boyd's claim. Regardless of whether counsel may or may not have given him the allegedly deficient advice, whatever deficiency or error that may have existed in that advice was cured by the plea agreement and the plea colloquy. *See United States v. Fazio*, 795 F.3d 421, 428 (3d Cir. 2015) ("[A]ny possible error in plea counsel's advice to Fazio was cured by the plea agreement and at the plea colloquy."). With regard to Boyd's right to counsel, during the plea colloquy, the Court specifically reminded him of that right:

> **Court:** Okay. In entering this plea agreement you give up your right to a jury trial. Reviewing that with you. You have the right to go to trial before a jury. You have the right to have the assistance of counsel. You have the right to see and hear all of the witnesses and have them cross examined. And to decline to testify unless you choose to do so voluntarily, and right to the issuance of subpoenas, compelling the attendance of witnesses to testify in your defense—you know that you have those rights?
>
> **Boyd:** Yes.
>
> [. . .]

7

> **Court:** . . . You would have the right to the appointment of counsel for a trial, [] if you cannot afford one for the trial and for an appeal, if there is a guilty verdict. You could have an appellate counsel appointed for you as well; do you understand all of that []?
>
> **Boyd:** Yes.
>
> **Court:** By pleading guilty there's no trial, nor do you have the trial associated rights that I just described to you, understood?
>
> **Boyd:** Yes.

ECF No. 7-14 at 16-17. As the transcript explicitly reveals, Boyd accepted the plea agreement with the understanding that the Court would appoint him counsel in the event he chose to go to trial. Boyd cannot now claim he would have rejected the plea agreement had he known that he would be afforded representation for the second trial.

Likewise, the record contradicts Boyd's assertion that counsel informed him he can appeal his Fourth Amendment claims. The plea agreement, which Boyd signed, explicitly stated that:

> RICKY BOYD knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is in accordance with the terms of this agreement.

Crim. Dkt., ECF No. 51 at 3. Later on in the agreement, Boyd specifically acknowledged that:

> I have received this letter from my attorney, Patrick McMahon, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, *waiver*, forfeiture, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

*Id.* at 6 (emphasis added). The Court confirmed this understanding during plea colloquy:

>**Court:** Okay. Has your lawyer explained to you that except for those waivers that you would otherwise have the right of appeal, and that now the right of appeal has been narrowed considerably by this agreement, did he explain that to you?
>
>**Boyd:** Yes.
>
>**Court:** And are you satisfied with the explanations he gave you?
>
>**Boyd:** Yes.
>
>**Court:** And you further waive your right to post conviction relief, otherwise known as habeas corpus—did he explain that to you as well?
>
>**Boyd:** Yes.
>
>**Court:** Okay. And are you satisfied with the legal explanations that Mr. McMahon gave you?
>
>**Boyd:** Yes.

ECF No. 7-14 at 15. As such, overwhelming evidence shows that Boyd clearly understood he was accepting the plea agreement by agreeing to waive his appellate and collateral attack rights, and that his counsel adequately informed him of that waiver. Not only did the Court's colloquy cure any perceived error, the record contradicts his allegation that counsel gave him erroneous advice. No reasonable person would still believe that he retained the right to appeal after having been given repeated reminders and explanations of his waiver and, in addition, Boyd acknowledged that he was satisfied with counsel's explanation, not just generally, but specifically regarding the waiver. Accordingly, the Court finds it is not reasonably likely that Boyd would have rejected the plea agreement had he been given more thorough advice by counsel, and denies relief on this ground.

### D. Certificate of Appealability

Last, the Court denies a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be

taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.  *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV.    CONCLUSION

For the reasons set forth above, Petitioner's Motion is DENIED and the Court denies a certificate of appealability.

          _s/ Katharine S. Hayden_
          **Katharine S. Hayden, U.S.D.J.**

Dated:  April 8, 2016